1  Balám O. Letona, Esq.     SBN 229642
   Law Office of Balám O. Letona, Inc.
2  55 River Street, Ste. 220
3  Santa Cruz, CA 95060
   Telephone: (831) 421-0200
4  Facsimile:  (831) 421-0400
   letonalaw@gmail.com
5

6  Attorney for Plaintiff:
   Mary Basich
7

                        **Filed**

                        E-filing

                        SEP   2 2011

                        RICHARD W. WIEKING
                        CLERK, U.S. DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE

                        *Paid
                        S1
                        99*

                        **ADR**

8
9          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN JOSÉ DIVISION**
10

11  MARY BASICH,

12                 Plaintiffs,

    v.
13

14

15  PATENAUDE & FELIX, APC., and
    CAPITAL ONE BANK, (USA) N.A.,
16  DOES 1-10, inclusive,
                   Defendant(s).

    | Case No. |
    | **CV11 – 04406**  HRL |
    | **COMPLAINT FOR DAMAGES** |
    | **DEMAND FOR JURY TRIAL** |
    | 15 United States Code § 1692 *et seq.*, 15 United States Code § 1681 *et seq.*, and Cal. Civ. Code §1788 *et.seq.*, |

17

18                    **I.   INTRODUCTION**

19  1.  Plaintiff Mary Basich ("Mrs. Basich" or "Plaintiff") is a retired 73 year old senior

20      citizen. She has lived in Watsonville, CA for more than fifty years and is a wife,

21      mother and grandmother to her family. She has never owned or used a Capital One

22      Bank credit card account.

23  2.  Despite this she was harassed and abused by Defendants Patenaude & Felix, APC,

24      ("Patenaude") and Capital One Bank ("Capital" or collectively known as

25      "Defendants") in an attempt to collect on a delinquent Capital credit card debt.

26  3.  Throughout this ordeal Mrs. Basich repeatedly told Defendants they had the wrong

27      person, but Defendants never gave up. She pled with them to stop calling and they

28      kept calling trying to collect on the debt from 2007 to the present. Defendants

                    **COMPLAINT FOR DAMAGES**                           1

repeatedly invaded her privacy by constantly calling her at home demanding that she pay. Defendants invaded her privacy by obtaining her credit report without her permission, the most recent being in December 2010. In October 2010 Defendants forcibly took more than $2,500.00 from her even though they knew they had the wrong person.

4.  Defendants conduct caused Mrs. Basich to suffer emotional distress in the form of fear, anxiety, stress, shock, humiliation, nervousness, despair, embarrassment, depression, crying fits, marital and familial instability, inability to sleep, decreased appetite, invasion of privacy, amongst other negative emotions.

## II. FACTUAL ALLEGATIONS

5.  Sometime in 2007 Defendants engaged in a threatening and harassing telephone campaign against Mrs. Basich in an attempt to collect a Capital One Bank credit card ("the debt"). Patenaude accused her of being Mary A. Ryals, a person who apparently was delinquent on a Capital One Bank consumer credit card. Defendants accused her of being delinquent on that credit card and demanded immediate payment.

6.  Mrs. Basich told Patenaude that she has never owned or used a Capital One Bank account and that she is not Mary A. Ryals, but she has only been known as Mary Basich. In nearly each conversation Mrs. Basich had with Patenaude she told them this and she disputed owning the debt.

7.  Patenaude didn't accept Mrs. Basich's explanation and continued with its unlawful debt collection campaign. Patenaude sent letters to her and continued to telephone her repeatedly and continuously and caused her telephone to ring repeatedly.

8.  During telephone conversations Patenaude told Mrs. Basich that if she did not pay by the end of the day that Defendants would put a lien on her home and take her home.

9.  Patenaude insisted that Mrs. Basich pay the Capital One Bank credit card, despite Mrs. Basich telling Defendants they had the wrong person.

10. Plaintiff told Patenaude her name, address and that she never had a Capital One Bank credit card. Despite this the telephone harassment and invasion of her privacy continued.

11. Capital, through its agent Patenaude, made false, deceptive and misleading statements, in an attempt to collect a debt and threatened action they could not lawfully take and/or did not intend to take.

12. In June and December 2009 Patenaude and in December 2010 Capital illegally obtained a copy of her credit report from the credit bureaus. Plaintiff never gave Defendants permission to obtain her credit report. Defendants obtained her credit report despite knowing that Plaintiff never had a Capital One Bank credit card and that her name and Social Security number didn't match the Capital One Bank credit card account that Defendants were trying to collect on. Defendants did not have a permissible reason to pull Plaintiff's credit report since she did not owe any debt to Capital, her name and Social Security number didn't match the Capital One Bank credit card and she had never opened or used a Capital account.

13. Mrs. Basich did not learn of the June and December 2009 impermissible pulls until November 5, 2011, when she first obtained a copy of her credit report.

14. Capital One Bank has never reported the credit card account on Plaintiff's credit report because Plaintiff's Social Security number and other identifying information doesn't match the Capital One Bank credit card account.

15. In late Spring and Fall of 2009 Defendants tried to take more than $2,500.00 from Mrs. Basich's bank account.

16. However, the attempt to collect the debt was denied because the name and Social Security number on the documents provided to the bank didn't match Mrs. Basich.

17. One of the documents (a Notice of Levy) provided to the bank by Defendants lists a judgment debtor by the name of Mary A. Ryals AKA Mary Basich Serls and lists the judgment debtor's Social Security number.

18. Mrs. Basich is not Mary A. Ryals AKA Mary Basich Serls and her Social Security number isn't the one listed on the Notice of Levy. Defendants were trying to collect the Capital One Bank credit card debt from the wrong person. In fact, Capital One Bank never sued Mrs. Basich or ever served her with a lawsuit.

19. Unbeknownst to Mrs. Basich, in 2005 Defendants had sued, served and took a judgment against Mary A. Ryals AKA Mary Basich Serls. At the time Defendants sued, served and secured the judgment Ms. Ryals lived in Manteca, California. Mrs. Basich has never lived in Manteca, CA.

20. Once again Mrs. Basich informed Defendants that they had the wrong person, however, Defendants remained undeterred and continued their unlawful and harassing campaign to collect from her.

21. In early October 2010, Defendants caused Mrs. Basich to be notified that her bank had received another request requiring it to take money out of her bank account to satisfy a debt owed to Defendants. Defendants caused to be delivered various documents to Mrs. Basich that money had been taken out of her account to pay the disputed debt, including a Notice of Levy and Writ of Execution.

22. On October 8th Mrs. Basich's bank informed her in a letter that on October 7, 2010 her bank withdrew $2,680.63 from her bank account to satisfy the request. The bank stated that it complied with the request in reliance on a Notice of Levy and Writ of Execution.

23. Attached to the letter from the bank was an updated Notice of Levy that was different from the previous ones. This new notice still lists a judgment debtor of Mary A. Ryals, but now it listed Mrs. Basich's Social Security number instead of the judgment debtor, Mary A. Ryals', Social Security number.

24. On information and belief, Defendants knew that Mrs. Basich didn't owe the Capital One Bank credit card debt, that her Social Security number didn't correspond to the Capital One Bank credit card and judgment and that her age and date of birth were different, but Defendants fraudulently added her Social Security number to the Notice

of Levy so it could take $2,680.63 from her account. At all times Plaintiff had a legal

right of ownership to the money that Defendants took from her.

25. On information and belief, Defendants knew or should have known since it began its

unlawful collection campaign against Mrs. Basich that Mrs. Basich did not owe any

debt to Capital One Bank, that her name was different, her address was different and

her Social Security number was different.

26. Again Mrs. Basich informed Defendants that Defendants had the wrong person and

she disputed the debt.

27. Then on November 9, 2010, Defendants reversed course and admitted it was

collecting from the wrong person. Defendant Patenaude sent a letter to Mrs. Basich

explaining that all along it was trying to collect against Mary A. Ryals with an address

in Manteca, CA. The letter lists Mary A. Ryals' Social Security number. It is different

from Mrs. Basich's number. Later the letter states "This letter is to confirm that the

above-mentioned matter involves a claim against a person with a name similar to

yours but different social security number … Our office never has intended to make

any claim against you. All matters that were inadvertently directed at your bank have

been terminated." A true and correct copy of the letter is attached as **Exhibit 1.** The

Social Security numbers have been redacted.

28. Though Defendants caused to be returned $2,580.63 to Mrs. Basich's bank account

Defendants did not pay Mrs. Basich the entire amount it caused to be originally taken

from her bank account.

29. Capital, through its agent Patenaude, made false, deceptive and misleading statements

in an attempt to collect a debt and misrepresented the character, amount and legal

status of the debt.

30. All telephone calls, letters sent by Defendants and attempts to take money out of

Plaintiff's bank account were attempts to collect a debt.

31. Defendants knew or should have known that their conduct was directed to a senior

citizen.

**COMPLAINT FOR DAMAGES**

5

32. At all relevant times, the conduct of each Defendant named above, as well as that of its agents, servants and/or employees, was willful, negligent and in disregard of federal, state and common laws and the rights of Mrs. Basich.

33. It was the pattern, practice, and business plan of the Defendants to engage in the abusive, unfair and deceptive conduct and unfair methods of competition as described in this complaint.

34. Defendants' unlawful collection practices caused Mrs. Basich suffer emotional distress in the form of fear, anxiety, stress, shock, humiliation, nervousness, despair, embarrassment, depression, crying fits, marital and familial instability, inability to sleep, decreased appetite, invasion of privacy, amongst other negative emotions.

## III. JURISDICTION & VENUE

35. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 18 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

36. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the vents or omissions giving rise to the claim occurred in this judicial district.

37. Venue is also proper in this judicial district pursuant to 15 U.S.C § 1692k(d), in that the Defendants transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. PARTIES

38. Plaintiff, Mary Basich, is a natural person residing in Santa Cruz County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) who allegedly owes a "debt" and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h). Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(f).

39. Defendant, Patenaude & Felix, A.P.C., is a California Professional Corporation that is engaged in the business of collecting debts in this state. The principal business of Patenaude is the collection of debts using the mails and phone and Patenaude regularly attempts to collect debts alleged to be due another. Patenaude is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Patenaude is a third-party debt collector

1  subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et.seq.,* and

2  is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

3  40. Defendant Capital One Bank, USA (N.A.) is a Virginia Corporation. Capital is a "debt

4  collector" as that term is defined by Cal. Civil Code § 1788.2(c). Capital uses the

5  mails and phone and regularly attempts to collect debts alleged to be due.

6  41. At all times mentioned, each of the Defendants was an officer, director, agent, servant,

7  employee and/or joint venturer of his/her co-defendants, and each of them, and at all

8  said times, each Defendant was acting in the full course and scope of said office,

9  directorship, agency, service, employment and/or joint venture. Any reference

10  hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to

11  each Defendant, and all of them, named above.

12  42. Plaintiff is informed and believes, and thereon alleges that at all times herein

13  mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations,

14  entities organized and existing under and by virtue of the laws of the State of

15  California, or the laws of some other state or foreign jurisdiction and that said

16  Defendants, and each of them, have regularly conducted business in the County of

17  Santa Cruz and this judicial district. Plaintiff is ignorant of the true names and

18  capacities, whether individual, corporate, or otherwise, or defendants sued herein as

19  DOES 1 – 10. Plaintiff will seek leave to amend this complaint when the true names

20  and capacities of said defendants are ascertained.

## V. FIRST CAUSE OF ACTION – FAIR DEBT COLLECTION PRACTICES ACT
### (As to Patenaude Only)

21  43. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above

22  as though fully stated herein.

23  44. The debt as described above was incurred primarily for personal, family or household

24  purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25  45. Patenaude's acts and omissions, and course of conduct as more fully described above

26  constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et.seq.,

27  including but not limited to violations of § 1692c, 1692(c)(a)(1), 1692d, 1692d(1),

28

1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692g.

46. Defendants violated 15 U.S.C §1692e, 1692e(10) and 1692f, by engaging in false, deceptive and misleading practices, and engaging in unfair and unconscionable practices in an attempt to collect a debt.

47. Patenaude's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of Patenaude's violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k *et.seq.*

## VI. <u>SECOND CAUSE OF ACTION – ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

49. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

50. The debt as described above was incurred primarily for personal, family or household purposes and is a "consumer debt" as that term is defined by Cal. Civil Code §1788.2(f).

51. Defendants willfully and knowingly violated the provisions of the Rosenthal Act through its acts and omissions, and course of conduct as more fully described above. Such acts and omissions constitute violations of the Rosenthal Act, including but not limited to: Cal. Civil Code § 1788.11(d), Cal. Civil Code § 1788.11(e), Cal. Civil Code § 1788.13(e), Cal. Civil Code § 1788.13(j) and Cal. Civil Code § 1812.700 *et.seq.*

52. Defendants willfully violated Cal. Civil Code § 1788.17 by violating those provisions of 15 U.S.C. § 1692 *et.seq.*, and engaging in abusive, unlawful, false and misleading communications, including those set forth above.

## VII. <u>THIRD CAUSE OF ACTION – THE FAIR CREDIT REPORTING ACT</u>

53. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

54. Defendants negligently and willfully failed to comply with the requirements of the FCRA including but not limited to:

a.  Failing to comply with the requirements of 15 U.S.C. §1681b; and

b.  Obtaining information from a consumer reporting agency under false pretenses, in violation of 15 U.S.C. § 1681q.

55. As a result of Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered actual damages as described above.

## VIII.   PRAYER FOR RELIEF

56. Wherefore, the Plaintiff prays for the following relief:

a.  For statutory damages, actual damages and attorney fees pursuant to Cal. Civil Code §§ 1788.17, 1788.30, 15 U.S.C. §1692k, 15 U.S.C. §1681n and 15 U.S.C. §1681o. Treble damages pursuant to Cal. Civil Code §3345.

b.  For punitive damages pursuant to 15 U.S.C. §1681n.

c.  For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

d.  For such other and further relief as the Court may deem just and proper.

Dated: September 2, 2011

Law Office of Balám O. Letona, Inc.


_____

Balám O. Letona, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff Mary Basich hereby demands a trial by jury of all triable issues of fact in the above-captioned case.


_____

Balám O. Letona, Esq.

COMPLAINT FOR DAMAGES

9

# EXHIBIT

# 1

# PATENAUDE & FELIX, APC

A PROFESSIONAL LAW CORPORATION                                            [X] PLEASE REPLY TO THE OFFICE INDICATED

| | | |
|---|---|---|
| [X] 4545 MURPHY CANYON ROAD<br>3RD FLOOR<br>SAN DIEGO, CA 92123<br>(858) 244-7600<br>(858) 836-0319 | [ ] 213 EAST MAIN STREET<br>PITTSBURGH, PA 15106<br>TEL (866) 772-7675 (412) 429-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO ROAD, SUITE 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032 (800) 867-3092<br>FAX (702) 992-6286 |

November 9, 2010

*Via U.S. First Class Mail*

Ms. MARY BASICH
1907 EAST LAKE AVE.
WATSONVILLE CA 95076

        RE:    Capital One v. Mary A Ryals
              Account No.:*5949
              Our Reference No.: 2032.6614

Dear Ms. Basich:

    This letter is to confirm that the above-mentioned matter involves a claim against a person with a name similar to yours but different social security number. You have advised us that your social security number is ▇▇▇▇▇▇▇. Your residence is 1907 East Lake Ave. Watsonville , CA. You have lived at that address since 1958 and have never had a Capital One account.

    Please be advised that the defendant in the above referenced case is Mary A Ryals, last known address of 532 Hawes St., Manteca CA 95336, and has a social security number ▇▇▇▇▇▇ ▇▇.

    Our office never has intended to make any claim against you. All matters that were inadvertently directed at your bank have been terminated. We apologize for any inconvenience.

    If you have any questions, please contact our office. My direct phone number is 858-244-7706.

                        Very truly yours,
                        PATENAUDE & FELIX

                        Michael R. Boulanger, Esq.

MRB//

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

L:\Attorney's\MichaelB\correspondence\2032.6614letter to non-defendant\MARYBASICH.frm