**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY BASICH, | Case No. 5:11-CV-04406 EJD |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY THE CASE MANAGEMENT ORDER AND APPOINT SPECIAL DISCOVERY MASTER** |
| v. | |
| PATENAUDE & FELIX, A.P.C., et al., | |
| Defendant(s). | |

Presently before the court is Plaintiff's Motion to Modify the Case Management Order of February 15, 2012 (see Docket Item No. 44). A hearing is scheduled for April 20, 2012. Having reviewed the parties' submissions, the court finds this matter appropriate for decision without oral argument. Civil L.R. 7-1(b). Accordingly, the hearing is VACATED. Furthermore, the court finds that the Case Management Conference scheduled for April 20, 2012 is unnecessary at this time. Accordingly, the Case Management Conference is VACATED.

Plaintiff is a 73-year-old retired woman living in Watsonville, California. On September 2, 2011, Plaintiff filed a Complaint alleging that Defendants improperly attempted to collect a delinquent Capital One credit card debt owed by Mary Ryals from Plaintiff.

Plaintiff alleges that in 2005, Defendants obtained a judgment against Mary Ryals, who had an alias of Mary Basich Serls. Since that time, Defendants harassed and abused Plaintiff in an attempt to collect the debt. Plaintiff repeatedly told Defendants that they were attempting to collect the debt from the wrong person. She has never used or owned a Capital One Bank credit card. In 2009, Defendants obtained copies of Plaintiff's credit report and attempted to take $2,500 from Plaintiff's personal bank account. In October 2010, Plaintiff's bank removed $2,680.63 from a joint bank account that Plaintiff shares with her husband. In November 2010, Defendants admitted to Plaintiff in a written letter that debt involved a person with a different social security number than her own. Defendants caused $2,580.63 to be returned to Plaintiff's bank account, which is not the entire amount originally removed.

After Plaintiff's Complaint was filed in September 2011, the parties engaged in mediation on March 14, 2012, but were unable to resolve the litigation. Plaintiff filed this present motion on April 5, 2012. Plaintiff requests that the schedule be modified because of her advanced age and because of the advanced age and state of health of her 93-year-old husband, who is a material fact witness in this case. Mr. Basich suffers from degenerative heart disease and his advanced age increases the risk of illness or death. Furthermore, if Mr. Basich becomes incapacitated, Plaintiff, who is the sole caregiver, will have to take care of her husband.

Defendants oppose a change to the February 15, 2012 Scheduling Order.

Federal Rule of Civil Procedure 16 allows courts to enter pretrial scheduling orders and set deadlines for the proceeding of the trial. Rule 16(b) provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

The court finds that a modification of the schedule is appropriate and requested for good cause because of the advanced ages of Plaintiff and her husband, who is a material witness. Accordingly, the court GRANTS Plaintiff's motion to modify the schedule.

Plaintiff also requests the appointment of a special master for the case. The court may appoint a special master only to: (1) perform duties consented to by the parties; (2) hold trials and

make or recommend findings of fact in nonjury trials; or (3) address pre- and post-trial matters that cannot be addressed by a judge. Fed. R. Civ. P. 53(a)(1). The court does not find that the appointment of a special master is necessary at this time because the matters at hand can be effectively and timely addressed by a judge of the district. Accordingly, the court DENIES Plaintiff's motion to appoint a special discovery master.

IT IS HEREBY ORDERED that the following modified schedule shall apply to this case:

| EVENT | DEADLINE |
| --- | --- |
| Fact Discovery Cutoff | July 1, 2012 |
| Designation of Opening Experts with Reports | June 1, 2012 |
| Designation of Rebuttal Experts with Reports | June 15, 2012 |
| Expert Discovery Cutoff | July 1, 2012 |
| Deadline(s) for Filing Discovery Motions | See Civil Local Rule 37-3 |
| Deadline for Filing Dispositive Motions[1] | July 15, 2012 |
| Preliminary Pretrial Conference | 11:00 a.m. on August 10, 2012 |
| Joint Preliminary Pretrial Conference Statement | August 1, 2011 |

**IT IS SO ORDERED.**

Dated: April 17, 2012

                         EDWARD J. DAVILA
                         United States District Judge

---

[1] This is the last date for *filing* dispositive motions. The actual hearing on the motion may be noticed for a date subsequent after contacting Judge Davila's courtroom deputy.

Case No. 5:11-CV-4406 EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY THE CASE MANAGEMENT ORDER AND APPOINT SPECIAL DISCOVERY MASTER