**United States District Court**
For the Northern District of California

1

2                                                    **\*E-FILED:  May 29, 2012\***

3

4

5

6

7                                        NOT FOR CITATION

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                      SAN JOSE DIVISION

11   MARY BASICH,                                 No. C11-04406 EJD (HRL)

12            Plaintiff,                          **ORDER RE DISCOVERY DISPUTE**
                                                  **JOINT REPORT #2**
13      v.
                                                  **[Re: Docket No. 55]**
14   PATENAUDE & FELIX, APC. and CAPITAL
     ONE BANK, (USA), N.A.; DOES 1-10,
15   inclusive,

16            Defendants.
                                              /
17

18          Plaintiff Mary Basich sues for alleged violations of the federal Fair Debt Collection

19   Practices Act, 15 U.S.C. § 1692, et seq. and the California Rosenthal Fair Debt Collection

20   Practices Act, Cal. Civ. Code § 1788, et seq.  She claims that defendants improperly attempted

21   to collect a debt from her with respect to a Capital One credit card.  Plaintiff says that this is a

22   case of mistaken identity and that she is not the debtor.  Reportedly, the debt is owed by one

23   Mary Ryals, who used the alias "Mary Basich."  Plaintiff initially thought Ryals had stolen her

24   identity, but plaintiff now says that she no longer believes that to be the case.

25          Now before this court is the parties' Discovery Dispute Joint Report (DDJR) #2, which

26   is deemed suitable for determination without oral argument.  CIV. L.R. 7-1(b).  Having

27   considered the parties' respective positions, the court rules as follows:

28

1      The instant discovery dispute concerns plaintiff's Request for Production No. 24, which

2   seeks "Electronic files that identify the address, last known contact information, job title, date

3   of employment of P&F employees that collected on the P&F Account and Capital One

4   Account." (DDJR #2, Ex. A at 16).  Defendant Patenaude & Felix (P&F) apparently has

5   employment records containing responsive information, but objects to producing them on

6   several grounds.  Among other things, P&F contends that the request is overbroad to the extent

7   it seeks information about employees whose involvement in the underlying events may have

8   been limited to purely ministerial tasks, such as data input.  Defendant also argues that the

9   request seeks information protected by its employees' privacy interests and that plaintiff failed

10   to comply with notice requirements for the production of such records.  P&F suggests that

11   interrogatories are a better means of obtaining the requested information and points out that

12   such interrogatories have been propounded.

13      None of these objections are addressed by plaintiff here.  Instead, DDJR #2, as this court

14   reads it, simply seeks an order requiring P&F to obtain any responsive electronic files that

15   reportedly are in the possession of P&F's payroll processor.  (DDJR #2 at 3).  Apparently, the

16   nonparty payroll processor came into the picture because P&F said that, upon a search of its

17   own records for "the category of electronic files requested," it confirmed that "no such category

18   exists"—whatever that means. (DDJR #2, Ex. A at 18).  This court is told that during meet-

19   and-confer negotiations, defendant stated that its payroll processor had such records.  P&F now

20   says it is not so sure.  Plaintiff asserts that P&F has the legal right to demand records from its

21   payroll processor and that defendant therefore should be compelled to produce documents in the

22   processor's possession.

23      The record presented to this court is dissatisfying.  It is not clear what records the

24   payroll processor might have.  Nor is this court persuaded, at this time, that a nonparty ought to

25   bear any burden of production when it seems that responsive information might well be

26

27

28

2

obtained directly from P&F.[1]  Accordingly, plaintiff's request for an order compelling P&F to

produce documents in the possession of the nonparty payroll processor is denied without

prejudice.

    SO ORDERED.

Dated: May 29, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

---

[1]    This court construes P&F's discovery response to mean that it does have employment records containing responsive information.  To the extent P&F seems to suggest in DDJR #2 that it has no responsive documents whatsoever, this court is highly skeptical that defendant has no records containing the information sought as to P&F's own employees.

3

1    5:11-cv-04406-EJD Notice has been electronically mailed to:

2    Balam Osberto Letona     letonalaw@gmail.com

3    Candice Lynn Fields     cfields@kmtg.com, lchenknapp@kmtg.com, mmcguire@kmtg.com,
     SRamirez@kmtg.com

4    Danielle Renee Teeters     dteeters@kmtg.com, sramirez@kmtg.com

5
     June D. Coleman     jcoleman@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com

6    Lucius Wallace     luke@hwh-law.com, tammy@hwh-law.com

7    Robert David Humphreys     david@hwh-law.com, tammy@hwh-law.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4