**\*E-FILED: June 1, 2012\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY BASICH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PATENAUDE & FELIX, APC. and CAPITAL ONE BANK, (USA), N.A.; DOES 1-10, inclusive,<br><br>　　　　Defendants. | No. C11-04406 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #4**<br><br>**[Re: Docket No. 58]** |

　　　　Plaintiff Mary Basich sues for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. She claims that defendants improperly attempted to collect a debt from her with respect to a Capital One credit card and invaded her privacy by obtaining her credit report without her permission. Plaintiff says that this is a case of mistaken identity and that she is not the debtor. Reportedly, the debt is owed by one Mary Ryals, who used the alias "Mary Basich." Plaintiff initially thought Ryals had stolen her identity, but plaintiff says that she no longer believes that to be the case.

　　　　Thus far, defendants have taken a total of three depositions—namely, those of plaintiff's husband, son, and son-in-law. In the parties' Discovery Dispute Joint Report (DDJR) #4,

1 defendants advise that they wish to depose 21 other individuals, i.e., 14 depositions over the
2 presumptive 10-deposition limit. Most of the would-be deponents are those who are, or were at
3 some point, identified by plaintiff in her initial disclosures as witnesses she intended to use to
4 support her claims. Of those, roughly half are individuals who reportedly have information
5 about her claimed emotional distress; others are individuals with the FBI, the Social Security
6 Administration, and the police. Defendants also want to depose plaintiff's physician with
7 respect to plaintiff's claimed distress. Basich did not identify her physician as a potential
8 witness; and, plaintiff contends that such a deposition is unwarranted inasmuch as she says she
9 claims only garden-variety distress.

10 The court deems the matter suitable for determination without oral argument. Civ. L.R.
11 7-1(b). Upon consideration of the parties' respective positions, the court denies defendants'
12 request without prejudice.

13 Absent leave of court or stipulation of the parties, a party may not take more than 10
14 depositions. FED. R. CIV. P. 30(a)(2)(A)(i). A party seeking leave to take more depositions
15 must make a "particularized showing" why the discovery is necessary. See Archer Daniels
16 Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999);
17 see also Authentic, Inc. v. Atrua Technologies, Inc., No. C08-1423PJH, 2008 WL 5120767 * 1
18 (N.D. Cal., Dec. 4, 2008) ("A party seeking to exceed the presumptive number of depositions
19 must make a particularized showing of the need for the additional discovery."). Courts
20 ordinarily will not grant leave to take more depositions unless a party has first exhausted the 10-
21 deposition limit. Exceptions to the exhaustion requirement have been made, however, when it
22 is shown that additional depositions are warranted by the complexity of the case. See, e.g.,
23 Authentic, Inc., 2008 WL 5120767 at *2. Although the scope of discovery under the Federal
24 Rules is broad, it is not unfettered. A court must limit the extent or frequency of discovery if it
25 finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained
26 from a source that is more convenient, less burdensome or less expensive, (b) the party seeking
27 discovery has had ample opportunity to obtain the information through discovery; or (c) the
28 burden or expense of the discovery sought outweighs its likely benefit, considering the needs of

**United States District Court**
For the Northern District of California

1 the case, the amount in controversy, the parties' resources, the importance of the issues at stake,
2 and the importance of the discovery in resolving those issues. FED. R. CIV. P. 26(b)(2)(C)(i)-
3 (iii).

4 On the record presented, this court is unpersuaded that defendants truly need 14
5 depositions over and above the 10-deposition limit. This not complex litigation. Moreover, it
6 appears that many of the identified deponents have information that may be cumulative or
7 duplicative with respect to plaintiff's emotional distress claims. Plaintiff says she dropped
8 several of these witnesses in her amended disclosures for that very reason. She offered to
9 further narrow her list of witnesses to 10 that she will call at trial. Defendants believe that the
10 alleged emotional distress constitutes the bulk of plaintiff's claimed damages; and, they suspect
11 that the only reason witnesses have been dropped from plaintiff's disclosures is because those
12 individuals may have information damaging to plaintiff's case. Defendants skepticism,
13 however, does not justify the considerable number of depositions being sought over the
14 presumptive limit. Moreover, plaintiff points out that defendants are free to interview non-party
15 witnesses informally to learn what information they might have before deciding whether their
16 depositions are necessary. Accordingly, defendants' request for leave to conduct more
17 depositions is denied without prejudice to defendants to renew the request after they have
18 exhausted the 10-deposition limit and upon a particularized showing that additional depositions
19 really are needed.

20 SO ORDERED.
21 Dated: June 1, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

3

5:11-cv-04406-EJD Notice has been electronically mailed to:

Balam Osberto Letona     letonalaw@gmail.com

Candice Lynn Fields     cfields@kmtg.com, lchenknapp@kmtg.com, mmcguire@kmtg.com, SRamirez@kmtg.com

Danielle Renee Teeters     dteeters@kmtg.com, sramirez@kmtg.com

June D. Coleman     jcoleman@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com

Lucius Wallace     luke@hwh-law.com, tammy@hwh-law.com

Robert David Humphreys     david@hwh-law.com, tammy@hwh-law.com