*E-FILED: July 2, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY BASICH,<br><br>    Plaintiff,<br><br>  v.<br><br>PATENAUDE & FELIX, APC and CAPITAL ONE BANK, (USA), N.A.; DOES 1-10, inclusive,<br><br>    Defendants. | No. C11-04406 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE REPORT #6**<br><br>[Re: Docket No. 92] |

   Plaintiff Mary Basich sues for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq.  She claims that defendants improperly attempted to collect a debt from her with respect to a Capital One credit card and invaded her privacy by obtaining her credit report without her permission. Plaintiff says that this is a case of mistaken identity and that she is not the debtor.  Reportedly, the debt is owed by one Mary Ryals, who used the alias "Mary Basich."

   Defendant Patenaude & Felix (P&F) says that it began efforts to collect the debt in 2005.  According to defendants, the information gathered during P&F's investigation indicated that Ryals' alias was "Mary Basich" and that identifying information for plaintiff and Ryals was commingled in various credit reports.  P&F further asserts that plaintiff initially claimed that

she had been the victim of identity theft for 11 years (i.e., beginning some 6 years before P&F's attempts to collect on the debt in question). Now, however, plaintiff says that she no longer believes Ryals stole her identity.

In order to defend against allegations of wrongful conduct, defendants subpoenaed records from Trans Union concerning Basich and Ryals. In essence, defendants seek (1) all documents (e.g., credit reports) relating or referring to Basich; (2) all documents received from or sent to Basich; and (3) all documents relating or referring to communications between Trans Union and Basich. The same categories of documents are sought with respect to Ryals. The time frame for the requests is from January 1998 to the present. In "Discovery Dispute Report #6," defendants seek an order compelling Trans Union to produce responsive documents.

Defendants say that they have not been able to locate Ryals to obtain a release permitting the disclosure of the requested documents.

Plaintiff refuses to sign a release. But, this court is told that she signed one in connection with her own subpoena to Trans Union. Additionally, defendants say that they served plaintiff with a copy of their Trans Union subpoena, and she did not assert any objections to the requested documents. Plaintiff has also been served with a copy of the instant discovery report. This court has received no objections from her as to the relief defendants seek.

As for Trans Union, it says that by law, and absent consent from the consumer, it cannot produce responsive records without a court order. 15 U.S.C. § 1681b(a). Nevertheless, the instant discovery report states that "Trans Union does not oppose or object to an Order granting Trans Union permission to produce documents in its possession, custody, and control responsive to Defendants' Non-Party Subpoenas for credit information regarding consumers Mary Ryals and Mary Basich." (Dkt. 92 at 2). Although Trans Union did not sign or join in the filing of the report,[1] defendants advise that Trans Union's counsel reviewed, edited, and approved the report.

---

[1] Trans Union's counsel declined to do so because she is not admitted to practice here.

1    Defense counsel and Trans Union's counsel did not meet-and-confer in person as
2 required by the undersigned's Standing Order re Civil Discovery Disputes.  And, this court does
3 not find good cause to waive that requirement simply because Trans Union's counsel is located
4 in Indiana.  Nevertheless, because the relief sought by defendants' discovery report appears to
5 be unopposed,[2] this court will proceed to rule on it as follows:

6    Trans Union shall produce responsive documents in its possession, custody, and control
7 concerning consumers Mary Ryals and Mary Basich.  The requested information is relevant or
8 reasonably calculated to lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).
9 Further, under the circumstances presented, the court finds that defendants' stated need for the
10 documentation outweighs privacy interests in the information.  Even so, given the sensitive
11 nature of the consumer information being sought, and having weighed legitimate competing
12 interests and possible prejudice, the court finds it necessary to impose some general limits on
13 the use and dissemination of that information.[3]  The documents shall be used only in connection
14 with this litigation and for no other purpose.  The parties shall also take care to limit the
15 disclosure of the consumer information to appropriate persons whose access to it is necessary
16 for the prosecution, defense, or settlement of this action.  Further, the parties shall not disclose
17 confidential financial information or sensitive personal identification information (e.g.,
18 birthdates, Social Security numbers, and other such information) in the public record.  Trans
19 Union's production shall be made within 14 days from the date of entry of this order.

20    SO ORDERED.
21 Dated: June 28, 2012

22    _____
     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE
23

---

24    [2]    Trans Union says that it does not waive its objections to the scope of the
25 subpoena beyond the issue of obtaining the court's permission to disclose responsive records.
The requests are very broadly worded.  For purposes of resolving the instant discovery
26 matter, however, no one has presented this court with any arguments as to why or how the
requested production should be limited.

27    [3]    This court will concurrently enter, with some modification, the parties'
stipulated protective order with respect to documents to be produced by Trans Union.  The
28 parties' stipulation indicates that they intend that protective order to be limited to Trans
Union's "proprietary and trade secret objections and privileges."

5:11-cv-04406-EJD Notice has been electronically mailed to:

Balam Osberto Letona    letonalaw@gmail.com

Candice Lynn Fields    cfields@kmtg.com, lchenknapp@kmtg.com, mmcguire@kmtg.com, SRamirez@kmtg.com

Danielle Renee Teeters    dteeters@kmtg.com, sramirez@kmtg.com

June D. Coleman    jcoleman@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com

Lucius Wallace    luke@hwh-law.com, tammy@hwh-law.com

Robert David Humphreys    david@hwh-law.com, tammy@hwh-law.com