*E-FILED: July 2, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY BASICH, | No. C11-04406 EJD (HRL) |
| Plaintiff, | **ORDER RE DISCOVERY DISPUTE JOINT REPORT #7** |
| v. | [Re: Docket No. 93] |
| PATENAUDE & FELIX, APC. and CAPITAL ONE BANK, (USA), N.A.; DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff Mary Basich sues for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. She claims that defendants improperly attempted to collect a debt from her with respect to a Capital One credit card and invaded her privacy by obtaining her credit report without her permission. Plaintiff says that this is a case of mistaken identity and that she is not the debtor. Reportedly, the debt is owed by one Mary Ryals, who used the alias "Mary Basich." Plaintiff initially claimed that Ryals stole her identity, but now says she no longer believes that to be the case.

Plaintiff alleges that defendants' conduct caused her emotional distress, including feelings of powerlessness, frustration, annoyance, fear, anxiety, stress, shock, humiliation, nervousness, despair, embarrassment, loss of self-esteem, depression, crying fits, marital and

1 familial instability, inability to sleep, decreased appetite, and invasion of privacy. (See Dkt. No.
2 1, Complaint ¶ 4; Dkt. No. 93, DDJR #7 at 9). She says that her claimed damages are primarily
3 for non-economic losses, including the time, effort, and expense she says she was forced to
4 spend being preoccupied with defendants' conduct and attempting to have them correct the
5 situation. (Dkt. No. 93, DDJR #7 at 10).

6 Defendants subpoenaed Dr. Thomas Deetz, M.D., essentially seeking testimony and
7 production of all medical records and communications concerning plaintiff from January 1998
8 to the present. The parties do not identify Dr. Deetz, other than to say that he is plaintiff's
9 physician, and the record presented suggests that the documents in question are medical records
10 (as opposed to psychological ones). Basich contends that the discovery is unwarranted because
11 she seeks damages only for garden variety emotional distress and has not put her medical
12 history at issue. She argues that her medical records are privileged in any event. Defendants
13 disagree and argue that they are entitled to explore possible other causes for Basich's claimed
14 distress and to verify whether or not she ever sought treatment or even mentioned to Dr. Deetz
15 her claimed emotional distress and related symptoms attributed to defendants' conduct.

16 The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-
17 1(b). Having considered the parties' respective positions, the court concludes that defendants'
18 request for discovery should be denied.

19 Preliminarily, the parties disagree whether federal or state privilege law applies.
20 Inasmuch as the requested discovery pertains to plaintiff's federal and state law claims, federal
21 law applies. Fitzgerald v. Cassil, 216 F.R.D. 632, 635 (N.D. Cal. 2003); Boyd v. City &
22 County of San Francisco, No. C04-05459, 2006 WL 1390423 *3 (N.D. Cal., May 18, 2006).

23 There is no physician-patient privilege under federal law. See Boyd, 2006 WL 1390423
24 at * 4 (citing Hutton v. City of Martinez, 219 F.R.D. 164, 166 (N.D. Cal. 2003)). Even so, this
25 court is unpersuaded that Basich has put her medical history at issue so as to warrant production
26 of her medical records (spanning over a decade) and a probing examination of Dr. Deetz.
27 Defendants point out that plaintiff's friends and family have offered varying testimony about
28 whether or not other events unrelated to this lawsuit—e.g., the near amputation of her

1  husband's finger and his losing his driver's license after being pulled over by police—may have
2  caused Basich distress. Defendants further assert that in deposition, Basich's close friend and
3  neighbor hypothesized that plaintiff probably would have sought medical treatment for the
4  stress she claims in this action. Basich's son reportedly testified that he spoke to plaintiff about
5  things that upset her, but then refused to identify those topics. For these reasons, and because
6  defendants believe that Basich's claimed distress are the crux of her claimed damages,
7  defendants contend that they have no other recourse but to review plaintiff's medical records.

8  Plaintiff, however, has not alleged a separate claim for emotional distress, either
9  intentional or negligent. She says that she has never claimed that the distress was "severe" or
10 that she sought treatment for it. There is no indication that plaintiff has alleged a specific
11 psychiatric or physical injury or disorder or unusually severe distress in view of her allegations.
12 This court is not told that plaintiff intends to rely on experts, treating doctors, or medical
13 records to prove her emotional distress damages in this case. Defendants argue that plaintiff's
14 distress necessarily must be "severe" because it is alleged to have spanned several years and
15 reportedly continues to the present. This court also observes, however, that defendants' alleged
16 wrongful conduct is said to have spanned several years; and, to this day, the parties continue to
17 wrangle over the events in question. Under these circumstances, this court finds that intrusion
18 into plaintiff's medical history is unwarranted. See, e.g., E.E.O.C. v. Wal-Mart Stores, Inc.,
19 276 F.R.D. 637, 640-41 (E.D. Wa. 2011) (denying motion to compel production of medical
20 records where plaintiff did not intend to rely on medical records or experts to prove the
21 emotional distress damages); Fitzgerald, 216 F.R.D. at 639-40 (finding no waiver of the
22 psychotherapist-patient privilege where plaintiffs did not plead claims for emotional distress,
23 would not rely on any experts to prove their emotional distress damages; did not allege any
24 specific physical or psychiatric injury or disorder, and did not concede that their mental
25 condition was in controversy); Schwenk v. County of Alameda, No. C07-00849SBA (EDL),
26 2011 WL 607101 (N.D. Cal., Feb. 11, 2011) (same).

27 Defendants' cited cases do not compel a contrary conclusion. See, e.g., E.E.O.C. v.
28 California Psychiatric Transitions, 258 F.R.D. 391, 400 (E.D. Cal. 2009) (finding that the

3

1 charging employee waived the psychotherapist-patient privilege where her treatment for
2 depression suggested that there could be multiple causes for her distress); Javeed v. Covenant
3 Med. Ctr., Inc., 218 F.R.D. 178 (N.D. Iowa 2001) (finding good cause to allow plaintiff's
4 mental examination where she alleged symptoms more severe than garden variety distress,
5 sought psychiatric treatment, and considered anti-depression medication). Cf. Valiavacharska
6 v. Celaya, No. C10-04847JSC, 2011 WL 4479341 (N.D. Cal., Sept. 26, 2011) (quashing
7 subpoena for medical records where the plaintiff sought psychiatric treatment, but disclaimed
8 any intent to pursue damages for anything more than garden variety distress, and would not be
9 allowed to rely on experts or medical records or to testify that she suffered from any psychiatric
10 disorder as a result of the events in question).

11     Defendants' request for an order permitting discovery of plaintiff's medical records and
12 a deposition of Dr. Deetz is denied.

13     SO ORDERED.
14 Dated: June 29, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:11-cv-04406-EJD Notice has been electronically mailed to:

Balam Osberto Letona     letonalaw@gmail.com

Candice Lynn Fields     cfields@kmtg.com, lchenknapp@kmtg.com, mmcguire@kmtg.com, SRamirez@kmtg.com

Danielle Renee Teeters     dteeters@kmtg.com, sramirez@kmtg.com

June D. Coleman     jcoleman@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com

Lucius Wallace     luke@hwh-law.com, tammy@hwh-law.com

Robert David Humphreys     david@hwh-law.com, tammy@hwh-law.com