*E-FILED: July 2, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY BASICH, | No. C11-04406 EJD (HRL) |
| Plaintiff, | **ORDER RE DISCOVERY DISPUTE REPORT #8** |
| v. | [Re: Docket No. 94] |
| PATENAUDE & FELIX, APC and CAPITAL ONE BANK, (USA), N.A.; DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff Mary Basich sues for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. She claims that defendants improperly attempted to collect a debt from her with respect to a Capital One credit card and invaded her privacy by obtaining her credit report without her permission. Plaintiff says that this is a case of mistaken identity and that she is not the debtor. Reportedly, the debt is owed by one Mary Ryals, who used the alias "Mary Basich."

Defendant Patenaude & Felix (P&F) says that it began efforts to collect the debt in 2005. According to defendants, the information gathered during P&F's investigation indicated that Ryals' alias was "Mary Basich" and that identifying information for plaintiff and Ryals was commingled in various credit reports. P&F further asserts that plaintiff initially claimed that

she had been the victim of identity theft for 11 years (i.e., beginning some 6 years before P&F's attempts to collect on the debt in question). Now, however, plaintiff says that she no longer believes Ryals stole her identity.

In order to defend against allegations of wrongful conduct, defendants subpoenaed records from Experian concerning Basich and Ryals. In essence, defendants seek (1) all documents (e.g., credit reports) relating or referring to Basich; (2) all documents received from or sent to Basich; and (3) all documents relating or referring to communications between Experian and Basich. The same categories of documents are sought with respect to Ryals. The time frame for the requests is from January 1998 to the present. In "Discovery Dispute Report #8," defendants seek an order compelling Experian to produce responsive documents.

Defendants say that they have not been able to locate Ryals to obtain a release permitting the disclosure of the requested documents.

Plaintiff refuses to sign a release. But, this court is told that she signed one in connection with her subpoena to Trans Union. Additionally, defendants say that they served plaintiff with a copy of their Experian subpoena, and she did not assert any objections to the requested documents. Plaintiff has also been served with a copy of the instant discovery report. This court has received no objections from her as to the relief defendants seek.

As for Experian, it says that by law, and absent consent from the consumer, it cannot produce responsive records without a court order. 15 U.S.C. § 1681b(a). Nevertheless, the instant discovery report states that "Experian does not oppose or object to an Order granting Experian permission to produce documents in its possession, custody, and control responsive to Defendants' Non-Party Subpoenas for credit information regarding consumers Mary Ryals and Mary Basich." (Dkt. 94 at 1-2). Although Experian did not sign or join in the filing of the report,[1] defendants advise that Experian's counsel reviewed, edited, and approved the report.

Defense counsel and Experian's counsel did not meet-and-confer in person as required by the undersigned's Standing Order re Civil Discovery Disputes. And, this court does not find

---

[1] Defendants say they did not require Experian's counsel to do so because he is not admitted to practice here.

2

good cause to waive that requirement simply because Experian's counsel is located in Texas. Nevertheless, because the relief sought by defendants' discovery report appears to be unopposed, this court will proceed to rule on it as follows:

Experian shall produce responsive documents in its possession, custody, and control concerning consumers Mary Ryals and Mary Basich. The requested information is relevant or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Further, under the circumstances presented, the court finds that defendants' stated need for the documentation outweighs privacy interests in the information. Even so, given the sensitive nature of the consumer information being sought, and having weighed legitimate competing interests and possible prejudice, the court finds it necessary to impose some general limits on the use and dissemination of that information. The documents shall be used only in connection with this litigation and for no other purpose. The parties shall also take care to limit the disclosure of the consumer information to appropriate persons whose access to it is necessary for the prosecution, defense, or settlement of this action. Further, the parties shall not disclose confidential financial information or sensitive personal identification information (e.g., birthdates, Social Security numbers, and other such information) in the public record. Experian's production shall be made within 14 days from the date of entry of this order.

SO ORDERED.

Dated: June 29, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1  5:11-cv-04406-EJD Notice has been electronically mailed to:

2  Balam Osberto Letona    letonalaw@gmail.com

3  Candice Lynn Fields    cfields@kmtg.com, lchenknapp@kmtg.com, mmcguire@kmtg.com, SRamirez@kmtg.com

4  Danielle Renee Teeters    dteeters@kmtg.com, sramirez@kmtg.com

5  June D. Coleman    jcoleman@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com

6  Lucius Wallace    luke@hwh-law.com, tammy@hwh-law.com

7  Robert David Humphreys    david@hwh-law.com, tammy@hwh-law.com