*E-FILED: July 10, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY BASICH,<br><br>    Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, APC and CAPITAL ONE BANK, (USA), N.A.; DOES 1-10, inclusive,<br><br>    Defendants.<br>_____/ | No. C11-04406 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE REPORT #10**<br><br>**[Re: Docket No. 105]** |

      Plaintiff Mary Basich sues for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. She claims that defendants improperly attempted to collect a debt from her with respect to a Capital One credit card and invaded her privacy by obtaining her credit report without her permission. Plaintiff says that this is a case of mistaken identity and that she is not the debtor. Reportedly, the debt is owed by one Mary Ryals, who used the alias "Mary Basich."

      Defendant Patenaude & Felix (P&F) says that it began efforts to collect the debt in 2005. According to defendants, the information gathered during P&F's investigation indicated that Ryals' alias was "Mary Basich" and that identifying information for plaintiff and Ryals was commingled in various credit reports. P&F further asserts that plaintiff initially claimed that

1 she had been the victim of identity theft for 11 years (i.e., beginning some 6 years before P&F's
2 attempts to collect on the debt in question).  Now, however, plaintiff says that she no longer
3 believes Ryals stole her identity.

4 In order to defend against allegations of wrongful conduct, defendants subpoenaed
5 records from Equifax concerning Basich and Ryals.  In essence, defendants seek (1) all
6 documents (e.g., credit reports) relating or referring to Basich; (2) all documents received from
7 or sent to Basich; and (3) all documents relating or referring to communications between
8 Equifax and Basich.  The same categories of documents are sought with respect to Ryals.  The
9 time frame for the requests is from January 1998 to the present.  In "Discovery Dispute Report
10 #10," defendants seek an order compelling Equifax to produce responsive documents.
11 Apparently, there is agreement that the production will be limited to the consumers' current
12 credit files and to Automated Consumer Interview System (ACIS) activity documents for the
13 last five years.

14 Defendants say that they have not been able to locate Ryals to obtain a release
15 permitting the disclosure of the requested documents.

16 Plaintiff refuses to sign a release.  But, this court is told that she signed one in
17 connection with her subpoena to Trans Union.  Additionally, defendants say that they served
18 plaintiff with a copy of their Equifax subpoena, and she did not assert any objections to the
19 requested documents.  Plaintiff has also been served with a copy of the instant discovery report.
20 This court has received no objections from her as to the relief defendants seek.

21 As for Equifax, it says that by law, and absent consent from the consumer, it cannot
22 produce responsive records without a court order.  15 U.S.C. § 1681b(a).  Nevertheless, the
23 instant discovery report states that, with the limitations on production described above,
24 "Equifax does not oppose or object to an Order granting Equifax permission to produce
25 documents in its possession, custody, and control responsive to Defendants' Non-Party
26 Subpoenas for credit information regarding consumers Mary Ryals and Mary Basich."  (Dkt.

105 at 1-2). Although Equifax did not sign or join in the filing of the report,[1] defendants advise that Equifax's counsel reviewed and approved it.

Defense counsel and Equifax's counsel did not meet-and-confer in person as required by the undersigned's Standing Order re Civil Discovery Disputes. And, this court does not find good cause to waive that requirement simply because Equifax's counsel is located in Georgia. Nevertheless, because the relief sought by defendants' discovery report appears to be unopposed, this court will proceed to rule on it as follows:

Equifax shall produce responsive documents in its possession, custody, and control concerning consumers Mary Ryals and Mary Basich. The production shall be limited to these consumers' current credit files and to ACIS activity documents for the last five years. The requested information is relevant or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Further, under the circumstances presented, the court finds that defendants' stated need for the documentation outweighs privacy interests in the information. Even so, given the sensitive nature of the consumer information being sought, and having weighed legitimate competing interests and possible prejudice, the court finds it necessary to impose some general limits on the use and dissemination of that information. The documents shall be used only in connection with this litigation and for no other purpose. The parties shall also take care to limit the disclosure of the consumer information to appropriate persons whose access to it is necessary for the prosecution, defense, or settlement of this action. Further, the parties shall not disclose confidential financial information or sensitive personal identification information (e.g., birthdates, Social Security numbers, and other such information) in the public record. Equifax's production shall be made within 14 days from the date of entry of this order.

SO ORDERED.

Dated: July 10, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Equifax's counsel declined to do so because she is not admitted to practice here.

3

1  5:11-cv-04406-EJD Notice has been electronically mailed to:

2  Balam Osberto Letona     letonalaw@gmail.com

3  Candice Lynn Fields     cfields@kmtg.com, lchenknapp@kmtg.com, mmcguire@kmtg.com, SRamirez@kmtg.com

4

Danielle Renee Teeters     dteeters@kmtg.com, sramirez@kmtg.com

5

June D. Coleman     jcoleman@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com

6

Lucius Wallace     luke@hwh-law.com, tammy@hwh-law.com

7

Robert David Humphreys     david@hwh-law.com, tammy@hwh-law.com

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California