*E-FILED: July 10, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY BASICH,<br><br>    Plaintiff,<br><br>  v.<br><br>PATENAUDE & FELIX, APC and CAPITAL ONE BANK, (USA), N.A.; DOES 1-10, inclusive,<br><br>    Defendants. | No. C11-04406 EJD (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Re: Docket No. 66]** |

      Plaintiff Mary Basich sues for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. She claims that defendants improperly attempted to collect a debt from her with respect to a Capital One credit card and invaded her privacy by obtaining her credit report without her permission. Plaintiff says that this is a case of mistaken identity and that she is not the debtor. Reportedly, the debt is owed by one Mary Ryals, who used the alias "Mary Basich."

      In Discovery Dispute Joint Report (DDJR) #1, plaintiff moved for an order compelling defendant to produce documents responsive to Requests for Production Nos. 1-11, 14, 17, 20 and 23. The documents at issue pertained to Ryals, and defendants asserted objections based on Ryals' privacy interests. Although defendants said that they would not object to an order

1 overruling those privacy objections and compelling production, defendants believed that they
2 could not properly stipulate to such an order. (See Dkt. No. 57 at 4-5). Additionally, in that
3 DDJR, defendants argued that the only relevant documents were those falling within the
4 applicable statutes of limitations. Plaintiff said nothing about that argument. And, as presented
5 to this court, the matter appeared to be largely undisputed, except for the date by which
6 defendants should produce the documents. Accordingly, this court issued an order directing
7 defendants to produce all responsive documents pertaining to Ryals that had been withheld
8 solely on the basis of Ryals' privacy rights[1] and which fall within the limitations period. (Dkt.
9 No. 61).

10 Pursuant to Civil Local Rule 7-9, plaintiff now seeks reconsideration of that order,
11 advising that she does, in fact, object to the temporal limitation on production.[2] Although
12 plaintiff's request for reconsideration was procedurally deficient and raised matters that should
13 have been addressed in the underlying DDJR, this court agreed to entertain the matter and set a
14 briefing schedule. Having reviewed the parties' respective papers, this court rules as follows:

15 Plaintiff now says that the parties never discussed any temporal limit on production based
16 on the applicable statute of limitations. She asserts, and defendants do not deny, that defendants
17 previously, and voluntarily, produced documents outside the limitations period. Basich further
18 contends that documents outside the limitations period are relevant or reasonably calculated to
19 lead to the discovery of admissible evidence of, for example, what defendants knew about Ryals
20 during the Capital One account application process; what defendants knew about Ryals during
21 any time period when Ryals may have paid on her account; what information defendants had or
22 obtained about Ryals and Basich; and whether that information showed that Ryals and Basich

---

[1] Defendants previously advised that certain documents had also been withheld on privilege grounds and that the parties were attempting to resolve those issues. Accordingly, this court's prior order on DDJR #1 was limited to those documents withheld solely on the basis of Ryals' privacy rights.

[2] Plaintiff also sought reconsideration with respect to the court's separate order on DDJR #3. She has since withdrawn that request, and her motion as to that order is deemed moot.

2

were one and the same person (as defendants contend). She requests that this court order defendants to produce responsive documents from 2005 to the present.

For their part, defendants maintain that documents outside the limitations period are irrelevant. They take issue with plaintiff's argument that the documents in question may lead to information reasonably calculated to lead to the discovery of admissible evidence. Such information, however, falls within the scope of Fed. R. Civ. P. 26(b)(1), which defines relevance broadly for discovery purposes. And, courts have recognized that even if the statute of limitations bars liability for conduct outside the limitations period, evidence of pre-limitations conduct may nonetheless be admissible for other purposes. See, e.g., Joseph v. J.J. MacIntyre Companies, LLC, 281 F. Supp.2d 1156, 1162 (N.D. Cal. 2003). Moreover, the crux of defendants' arguments is that the documents at issue are not relevant to any of plaintiff's claims. For the reasons stated above, this court disagrees. In any event, defendants acknowledge, as they must, that parties may obtain discovery about any nonprivileged matters that are relevant to *any* party's claims or defenses. FED. R. CIV. P. 26(b)(1). Defendants apparently believe documents pertaining to Ryals outside the limitations period are relevant to this action. Indeed, they have in recent weeks filed several discovery reports (all of which were essentially granted as unopposed) seeking information pertaining to Ryals spanning more than a decade.

Plaintiff now also contends that defendants have waived any objections based on Ryals' privacy interests. Defendants disagree. This court sees no need to belabor the point. For purposes of resolving the instant discovery dispute, and as noted above, defendants have already told this court that they do not object to an order overruling their objections based on Ryals' privacy rights. (Dkt. No. 61 at 4-5).

Accordingly, plaintiff's motion for reconsideration is granted. To the extent it was unclear in this court's prior order, defendants' objections to the requested production based on Ryals' privacy interests are overruled. Defendants shall produce all documents, from 2005 to the present, that are responsive to the requests at issue and that have been withheld solely on Ryals' privacy interests. Defendants' production shall be completed within 7 calendar days from the

date of this order.

SO ORDERED.

Dated: July 10, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:11-cv-04406-EJD Notice has been electronically mailed to:

Balam Osberto Letona     letonalaw@gmail.com

Candice Lynn Fields     cfields@kmtg.com, lchenknapp@kmtg.com, mmcguire@kmtg.com, SRamirez@kmtg.com

Danielle Renee Teeters     dteeters@kmtg.com, sramirez@kmtg.com

June D. Coleman     jcoleman@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com

Lucius Wallace     luke@hwh-law.com, tammy@hwh-law.com

Robert David Humphreys     david@hwh-law.com, tammy@hwh-law.com