*E-FILED: July 30, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY BASICH,<br><br>    Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, APC and CAPITAL ONE BANK, (USA), N.A.; DOES 1-10, inclusive,<br><br>    Defendants. | No. C11-04406 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #9**<br><br>**[Re: Docket No. 104]** |

Plaintiff Mary Basich sues for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. She claims that defendants improperly attempted to collect a debt from her with respect to a Capital One credit card and invaded her privacy by obtaining her credit report without her permission. Plaintiff says that this is a case of mistaken identity and that she is not the debtor. Reportedly, the debt is owed by one Mary Ryals, who used the alias "Mary Basich."

Discovery Dispute Joint Report (DDJR) #9 concerns plaintiff's failure to provide defendants with prior notice of a third-party subpoena she served on Trans Union.[1] Defendants

---

[1] Defendants also reference third-party subpoenas that plaintiff served on Lexis. In sum, defendants are skeptical whether plaintiff actually mailed notices to them on June 19, 2012 as she claims. There is no dispute, however, that defendants received notices as to all of those subpoenas.

now move for sanctions under the court's inherent powers. Additionally, they request an order (1) compelling plaintiff to serve on them any third-party subpoenas (and all documents produced in response) as to which plaintiff failed to provide prior notice to defendants; and (2) permitting them to re-depose plaintiff's son, George Basich.[2] Plaintiff acknowledges that she failed to provide prior notice of her Trans Union subpoena, but she says that this was an inadvertent error. Additionally, fact discovery closed several weeks ago; and, Basich believes there is no need to re-open George Basich's deposition.

The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Having considered the parties' respective positions, defendants' request is denied in part and conditionally granted in part.

## DISCUSSION

A court has the inherent power to award attorneys' fees as a sanction. Chambers v. NASCO, Inc., 501 U.S. 32, 45, 49 (1991). In doing so, the court must make an explicit finding of bad faith to ensure that it exercises proper restraint when wielding this power. Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997). In the absence of bad faith, negligence or even recklessness will not justify sanctions under the court's inherent power. See Mendez v. County of San Bernadino, 540 F.3d 1109, 1132 (9th Cir. 2008). Simply put, "'[t]he bad-faith requirement sets a high threshold.'" Id. (quoting Primus Auto Fin. Servs., 115 F.3d at 649).

Rule 45 of the Federal Rules of Civil Procedure indisputably required Basich to provide prior notice to defendants before serving the subpoena on Trans Union. FED. R. CIV. P. 45(b)(1). The determination whether the court should impose sanctions for her failure to do so is a fact-specific determination. Under the circumstances presented here, this court finds that sanctions are not warranted. The court will, however, conditionally grant defendants leave to re-depose George Basich, subject to the terms discussed below.

---

[2] Defendants also requested an extension of discovery and other case management deadlines. Such requests, however, should be directed to the presiding judge. This court is informed that defendants have done so.

1    On April 25, 2012, plaintiff served discovery responses stating that she would produce
2 documents, including her credit reports that she obtained prior to the filing of this lawsuit.
3 Defendants say that plaintiff subsequently reneged and withheld production of those credit
4 reports. That eventually led to the filing of a DDJR on May 15 in which defendants moved to
5 compel production. (Dkt. No. 59). On June 1, this court issued an order directing plaintiff to
6 produce documents, including her credit information, to defendants by June 8. (Dkt. No. 65).

7    Meanwhile, on May 4, Basich subpoenaed Trans Union without notifying defendants
8 about it. The subpoena sought documents relating to plaintiff's own credit information, as well
9 as evidence indicating that she used or was ever associated with the name "Mary Ryals."
10 (DDJR, Ex. A). She received the subpoenaed documents from Trans Union on May 24.

11    Unaware that plaintiff had already subpoenaed Trans Union for documents, on May 23
12 defendants served Trans Union with their own subpoena for documents. Defendants say that
13 they did not learn about plaintiff's subpoena until their June 6 meet-and-confer negotiations
14 with Trans Union, when Trans Union reportedly found it interesting that plaintiff executed a
15 release in connection with her subpoena, but refused to execute one in connection with
16 defendants' subpoena.

17    On June 8, defendants demanded to know what third party subpoenas plaintiff had
18 served without prior notice to defendants, adding that they wanted Basich to produce all of the
19 subpoenaed Trans Union documents by the end of the day. That same day, Basich produced
20 documents as previously ordered by this court, including credit reports she obtained pre-
21 litigation and those she subpoenaed from Trans Union. She says that she also made her credit
22 reports available via an electronic link on June 11.

23    Defendants contend that plaintiff's conduct is nothing more than bad faith
24 gamesmanship. They believe that she deliberately hid the subpoenaed Trans Union documents,
25 forcing them to serve their own separate subpoenas on Trans Union. And, noting that George
26 Basich was deposed on May 7, defendants claim that they were deprived of a full and fair
27 examination re plaintiff's credit reports, which they did not receive until a month after his
28 deposition was completed.

3

Basich claims that the failure to give defendants prior notice of the Trans Union subpoena was an inadvertent error. Pointing out that he is a sole practitioner with one assistant, plaintiff's counsel says that May 4 (a Friday) was a busy and rushed day for him. He reviewed and served documents on defendants; prepared the Trans Union subpoena and made arrangements with a process server in Illinois; visited with percipient witnesses; worked on other cases; and then left the office early to attend to family matters. Counsel says that, up until June 8 when defendants asked about Basich's third party subpoenas, he was unaware that notice of the Trans Union subpoena had not been served on defendants. Plaintiff now confirms that all third party subpoenas and documents have been served on defendants.

Additionally, plaintiff acknowledges that she reconsidered her agreement to produce her credit reports, but claims that her change of heart was due to positions defendants took in discovery as to Ryals. Here, plaintiff notes that defendants objected to her discovery requests on the ground that the requested information violated Ryals' privacy interests and that such information could not be produced without a court order. Basich says that she then re-examined her own credit reports and found that they also contained some of Ryals' information. She amended her discovery responses to state an objection based on Ryals' privacy rights. But, noting that she has been advocating for the entry of a blanket protective order throughout this litigation, Basich says that she offered to produce the reports if defendants would stipulate to a protective order. Defendants reportedly refused. She therefore withheld the credit reports from production until this court ordered her to produce them.

On the record presented, this court finds that Basich's failure to serve prior notice of her Trans Union subpoena was a careless mistake, rather than a deliberate attempt to be deceitful. This court questions whether Basich decided to withhold her credit reports because of a true concern for Ryals' privacy interests, as opposed to plaintiff's apparent desire to have some means by which to attempt to get defendants to stipulate to a protective order. And, it seems that she reasonably could have agreed to a release of her records in connection with defendants' Trans Union subpoena. (Indeed, she presented no serious opposition to defendants' request for an order compelling production of her credit reports and other information. Nor did plaintiff

4

1 oppose defendants' request for an order authorizing Trans Union to release records responsive
2 to defendants' subpoena. See Dkt. Nos. 65, 99). Even so, on the facts presented, such behavior
3 does not rise to the level of bad faith required for the imposition of sanctions under the court's
4 inherent power. Defendants' cited cases are distinguishable. In <u>Judson Atkinson Candies, Inc.</u>
5 <u>v. Latini-Hohberger Dhimantec</u>, 529 F.3d 371 (7th Cir. 2008), sanctions were affirmed where
6 the plaintiff served third-party subpoenas without prior notice to defendants, delayed production
7 of documents produced in response to those subpoenas—and then, when called on it by defense
8 counsel, lied about the date the subpoenaed documents were received. <u>Id.</u> In <u>Murphy v. Bd. of</u>
9 <u>Educ. of the Rochester City Sch. Dist.</u>, 196 F.R.D. 220 (W.D.N.Y. 2000), the plaintiff's conduct
10 was found to be particularly egregious because (1) plaintiff's counsel sent a letter to defense
11 counsel proposing a procedure for giving parties prior notice of third-party subpoenas;
12 (2) before that letter was sent, plaintiff's counsel had already issued several third-party
13 subpoenas without prior notice to defendants; (3) even after the letter was sent, plaintiff's
14 counsel continued to serve multiple third-party subpoenas without prior notice; and (4) one of
15 the subpoenas sought the medical records of a defendant who had not raised any medical issue
16 as a defense. <u>Id.</u> at 223-27. In the instant case, there is no comparable behavior.

17 Defendants nevertheless contend that they have been prejudiced by plaintiff's belated
18 disclosure of the Trans Union subpoena and documents and that they should be permitted to re-
19 depose George Basich. Here, they say that in deposition, plaintiff identified George's
20 handwritten notes on her credit report marking information that appeared to be incorrect.
21 Defendants argue that they should be permitted to depose George about his alleged notes and
22 his efforts to clean up his mother's credit report.

23 This court finds defendants' assertions of prejudice to be exaggerated. George Basich
24 previously testified that he engaged in efforts to correct information on plaintiff's credit report.
25 (DDJR #9, Ex. B). Defendants could have asked him more about those efforts at that time,
26 notwithstanding plaintiff's refusal to produce her credit reports and failure to give notice of her
27 Trans Union subpoena. And, defendants' arguments about the need to ask George Basich about
28 the notes he allegedly wrote on plaintiff's credit report are underwhelming. Nevertheless, this

5

1 court is unimpressed by plaintiff's decision to withhold documents she previously agreed to
2 produce. And, because defendants say that they would have asked George about the contents of
3 the credit reports if they had been produced in time, this court will give them the benefit of the
4 doubt and will conditionally grant in part their request for a second examination of him.

## ORDER

Based on the foregoing:

1. Defendants' request for an order directing plaintiff to serve all third party subpoenas and documents on defendants is denied as moot.

2. Defendants' request for an order imposing monetary sanctions is denied.

3. Defendants' request for an opportunity to re-depose George Basich is conditionally granted in part as follows: Defendants may depose George Basich for no more than one hour. The examination shall be limited to the notes George allegedly made on plaintiff's credit reports produced after his first deposition. Further, this order is conditioned on the presiding judge's determination that the period for fact discovery should be re-opened.

SO ORDERED.

Dated: July 30, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:11-cv-04406-EJD Notice has been electronically mailed to:

Balam Osberto Letona    letonalaw@gmail.com

Candice Lynn Fields    cfields@kmtg.com, lchenknapp@kmtg.com, mmcguire@kmtg.com, SRamirez@kmtg.com

Danielle Renee Teeters    dteeters@kmtg.com, sramirez@kmtg.com

June D. Coleman    jcoleman@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com

Lucius Wallace    luke@hwh-law.com, tammy@hwh-law.com

Robert David Humphreys    david@hwh-law.com, tammy@hwh-law.com