*E-FILED: July 30, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY BASICH,<br><br>    Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, APC and CAPITAL ONE BANK, (USA), N.A.; DOES 1-10, inclusive,<br><br>    Defendants. | No. C11-04406 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #11**<br><br>[Re: Docket No. 108] |

    Plaintiff Mary Basich sues for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. She claims that defendants improperly attempted to collect a debt from her with respect to a Capital One credit card and invaded her privacy by obtaining her credit report without her permission. Plaintiff says that this is a case of mistaken identity and that she is not the debtor. Reportedly, the debt is owed by one Mary Ryals, who used the alias "Mary Basich."

    In Discovery Dispute Joint Report (DDJR) #11,[1] plaintiff Mary Basich seeks an order compelling defendants to produce documents that she says have been improperly withheld on the basis of the attorney-client privilege, the attorney work product doctrine, relevance objections, privacy objections, and trade secret assertions.

---

[1] Plaintiff's papers erroneously identify this report as DDJR #10.

The term "Joint Report" is a misnomer here because, contrary to this court's Standing Order re Civil Discovery Disputes, the parties have submitted separate reports. Finger pointing then ensued. Plaintiff claims that defendants stalled and did not provide their input in time for the submission of a joint report. In their separate submission, defendants contend that plaintiff failed to complete meet-and-confer negotiations and proceeded to file a DDJR without giving them sufficient time to review their privilege logs or to participate in the preparation of joint report. Additionally, defendants advise that they have been reviewing their withheld documents. So far, they have determined that at least 14 additional documents should be produced or unredacted. This court is told that those documents (not specified for the court) were produced on July 3. Further, defendants advise that Capital One recently decided to waive the attorney-client privilege as to this account. And, in view of that waiver, defendants have served another privilege log. Noting that their client contact was on vacation, defendants also say that they have been unable to address the trade secret issues raised by plaintiff's DDJR.

In sum, DDJR #11 is a mess and yet another example of discovery disputes run amuck. On the record presented, the scope of the current dispute is unclear.

DDJR #11 is denied. This court is informed that Judge Davila has been presented with requests to modify the current case schedule. Accordingly, the denial re DDJR #11 is without prejudice, but this ruling is subject to whatever scheduling decisions Judge Davila may make. To the extent the matters presented by DDJR #11 are renewed, the parties are advised that this court will not look favorably upon any future DDJR that fails to comply with the undersigned's standing order.

SO ORDERED.

Dated: July 30, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

5:11-cv-04406-EJD Notice has been electronically mailed to:

Balam Osberto Letona    letonalaw@gmail.com

Candice Lynn Fields    cfields@kmtg.com, lchenknapp@kmtg.com, mmcguire@kmtg.com, SRamirez@kmtg.com

Danielle Renee Teeters    dteeters@kmtg.com, sramirez@kmtg.com

June D. Coleman    jcoleman@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com

Lucius Wallace    luke@hwh-law.com, tammy@hwh-law.com

Robert David Humphreys    david@hwh-law.com, tammy@hwh-law.com